H. Randall STARNES, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 96–SC–452–KB.

Supreme Court of Kentucky.

June 20, 1996.

**OPINION AND ORDER**

Attorney H. Randall Starnes has moved pursuant to SCR 3.480(3) to resign from the

Kentucky Bar Association under terms of disbarment in order to resolve five pending disciplinary charges/complaints (KBA Nos. 5208, 4363, 5336, 4590 and 4595). The Bar Association has responded that it has no objection to our granting the motion.

On February 20, 1996 Randall Starnes entered a plea of guilty to two felony offenses in the United States District Court for the Eastern District of Kentucky. The offenses were in violation of Title 21, United States Code, Section 851(a)(1), for knowingly and intentionally possessing with intent to distribute and distributing two Loricet tablets, also known as Hydrocodone Barbiturate, a Schedule III controlled substance and on an additional occasion, knowingly and intentionally possessing with intent to distribute forty-two Loricet tablets. Mr. Starnes is scheduled to be sentenced at a later date.

On July 13, 1995 the Inquiry Tribunal of the KBA also issued a two-count charge against Mr. Starnes pertaining to his representation of a plaintiff in a personal injury civil action involving a vehicular fatality. Mr. Starnes employed a company of specialists and experts to investigate and reconstruct the accident in August 1992. This company was to be paid for their services upon settlement or trial of the action. The civil action was settled on September 19, 1993. Through January 1994 Mr. Starnes repeatedly assured the company that the status of the civil action was that it remained pending. The cost of services of the company was $31,-600.00. When co-counsel associated with Mr. Starnes in the civil action learned of the problem, he paid the company $20,800.00. As a result of Mr. Starnes' conduct, he was charged with violating SCR 3.130–4.4 for knowingly using means that have no substantial purpose other than to embarrass, delay, or burden a third person, and for violating SCR 3.130–8.3(c) for engaging in conduct involving dishonesty, fraud, and deceit or misrepresentation.

The additional complaints against Mr. Starnes were filed with the KBA concerning his negligent representation of a divorce proceeding, a bankruptcy action, and a libel suit. The crux of each being that Mr. Starnes provided little, if any, legal services, with each client seeking refund of monies paid.

Movant acknowledges that his conduct as described in each of the above charges and complaints was unethical and unprofessional in violation of the Rules of Professional Conduct. His conduct has brought the bar into disrepute.

Therefore, it is ordered that H. Randall Starnes' Motion to Resign from the Kentucky Bar Association Under Terms of Disbarment is granted. It is further ordered, that:

1. H. Randall Starnes shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. H. Randall Starnes shall not file an application for reinstatement for a period of five (5) years from the date of this order, nor shall he seek reinstatement of his license to practice law so long as any outstanding claims or judgments arising from his misconduct exist including any payments made to any client or any other entity by or on behalf of the Client Security Fund of the Kentucky Bar Association.

3. Any application for reinstatement shall be governed by SCR 3.520, or any subsequent amendment thereto regarding reinstatement in case of disbarment.

4. All disciplinary proceedings against H. Randall Starnes shall be terminated and the costs herein in the amount of $10.31 shall be paid by Movant in accordance with SCR 3.450(1) and SCR 3.480(3).

5. H. Randall Starnes, pursuant to SCR 3.390, shall provide notice to any client of his inability to provide further legal services, he shall notify all courts in which he has matters pending of his resignation under terms of disbarment, and shall provide the Directors of the Kentucky Bar Association copies of all such letters.

**500** ■

All concur.

STUMBO, J., not sitting.

Entered: June 20, 1996.

/s/ Robert F. Stephens
Chief Justice