KENTUCKY BAR ASSOCIATION,
Appellant,

v.

H. Randall STARNES, Appellee.

No. 97–SC–591–KB.

Supreme Court of Kentucky.

Oct. 2, 1997.

Bruce K. Davis, Dale Wright, Frankfort, for Complainant.

H. Randall Starnes, Pikeville, pro se.

## OPINION AND ORDER

H. Randall Starnes was charged with two separate client complaints each containing multiple counts. Starnes, originally from Pikeville, Kentucky, did not respond to any of the charges. Starnes has been the subject of another disbarment Order rendered by this Court on June 20, 1996. This order is in addition to that one.

In Charge No. 5908, Starnes represented a client in a dissolution action. In February, 1995, the client paid Starnes to file a dissolu-

tion of marriage action. The action was filed but no further action was taken and he refunded no portion of the fee. In May, 1996, the client received notice to show cause why the action should not be dismissed for lack of prosecution. Pro se, the client filed a request asking the Court to allow the matter to remain on the docket and that request was sustained.

Starnes was charged by the Inquiry Tribunal of the Kentucky Bar Association of a violation of SCR 3.130–1.3 and SCR 3.130–1.4(a) for failing to communicate with his client regarding the dissolution action and failing to take any action to either prosecute that action, or notify his client or the court of his failure to do so.

In Charge No. 5591, Starnes was employed in July, 1993 to file a bankruptcy petition for clients. Repeated efforts by the clients to reach Starnes to have action taken on their bankruptcy petition or to have a refund of their money were totally unavailing.

Starnes was charged by the Inquiry Tribunal of the Kentucky Bar Association of a violation of SCR 3.130–1.16(d) for failing to refund any unearned part of the fee which he had been paid.

The Board of Governors of the Kentucky Bar Association unanimously found Starnes guilty of both counts and unanimously recommended disbarment. Upon our review of the record we find that the evidence adequately supports the findings and recommendation of the Kentucky Bar Association.

Therefore, it is ordered that Starnes is hereby disbarred from the practice of law in the Commonwealth of Kentucky.

It is further ordered that in regard to each of the charges:

1) Starnes shall not be permitted to engage in the practice of law in Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his license and membership in the Kentucky Bar Association.

2) Any application for reinstatement shall be governed by SCR 3.520 or any subsequent amendment thereto regarding reinstatement in case of disbarment.

3) Starnes is directed to pay the costs of these actions in the amounts of $95.16 (No. 5908) and $104.32 (No. 5591).

4) Pursuant to SCR 3.390, Starnes is hereby ordered to provide notice to any clients, if applicable, he currently represents of his inability to provide further legal services, to notify all courts in which he has matters pending of his disbarment and to provide the director of the Kentucky Bar Association with a copy of all such letters simultaneously to their mailing.

This order is in addition to the previous order of disbarment for different violations of the disciplinary rules found in *Starnes v. Kentucky Bar Assn.,* Ky., 924 S.W.2d 498 (1996). Any application for reinstatement may not be filed until the completion of the period of disbarment directed by this Opinion and Order.

All concur.

ENTERED: October 2, 1997.

/s/ <u>Robert F. Stephens</u>
Chief Justice